# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 12-0269** (Fayette County 11-F-27)

**Gary Keller,**
**Defendant Below, Petitioner**

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Gary Keller, by counsel Thomas A. Rist, appeals the January 27, 2012, order of the Circuit Court of Fayette County sentencing him to an aggregate term of incarceration of fifty to seventy years following his conviction of two counts of sexual abuse in the second degree and one count of sexual abuse by a custodian. The State, by counsel Laura Young, has filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a jury trial, petitioner was convicted of two counts of second degree sexual assault and one count of sexual abuse by a custodian. On January 24, 2012, Petitioner received consecutive sentences for the offenses, totaling an aggregate term of fifty to seventy years of incarceration. Prior to trial, the State notified petitioner that it intended to offer evidence pursuant to Rule 404(b) of the West Virginia Rules of Evidence and a hearing was held on the State's motion. Ultimately, the circuit court allowed this evidence to be admitted. On appeal, petitioner alleges that this Rule 404(b) evidence was improperly admitted pursuant to this Court's holding in *State v. McGinnis*, 193 W.Va. 147, 455 S.E.2d 516 (1994), and that the evidence was so prejudicial that it should have been excluded pursuant to Rule 403. Petitioner also alleges that the State failed to admit evidence sufficient to support his conviction, and specifically that the State failed to establish that petitioner was the victim's custodian. In response, the State argues that the evidence of which petitioner complains was properly admitted to show petitioner's common plan or scheme to commit a crime and that the evidence below was sufficient to support petitioner's conviction.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). We have previously held that

1

> [t]he standard of review for a trial court's admission of evidence pursuant to Rule 404(b) involves a three-step analysis. First, we review for clear error the trial court's factual determination that there is sufficient evidence to show the other acts occurred. Second, we review *de novo* whether the trial court correctly found the evidence was admissible for a legitimate purpose. Third, we review for an abuse of discretion the trial court's conclusion that the "other acts" evidence is more probative than prejudicial under Rule 403.

*State v. Newcomb*, 223 W.Va. 843, 868, 679 S.E.2d 675, 700 (2009) (quoting *State v. LaRock*, 196 W.Va. 294, 310-11, 470 S.E.2d 613, 629-30 (1996)). This Court has also stated that

> [w]here an offer of evidence is made under Rule 404(b) of the West Virginia Rules of Evidence, the trial court, pursuant to Rule 104(a) of the West Virginia Rules of Evidence, is to determine its admissibility. Before admitting the evidence, the trial court should conduct an in camera hearing as stated in *State v. Dolin*, 176 W.Va. 688, 347 S.E.2d 208 (1986). After hearing the evidence and arguments of counsel, the trial court must be satisfied by a preponderance of the evidence that the acts or conduct occurred and that the defendant committed the acts. If the trial court does not find by a preponderance of the evidence that the acts or conduct was committed or that the defendant was the actor, the evidence should be excluded under Rule 404(b). If a sufficient showing has been made, the trial court must then determine the relevancy of the evidence under Rules 401 and 402 of the West Virginia Rules of Evidence and conduct the balancing required under Rule 403 of the West Virginia Rules of Evidence. If the trial court is then satisfied that the Rule 404(b) evidence is admissible, it should instruct the jury on the limited purpose for which such evidence has been admitted. A limiting instruction should be given at the time the evidence is offered, and we recommend that it be repeated in the trial court's general charge to the jury at the conclusion of the evidence.

*State v. Newcomb*, 223 W.Va. 843, 868, 679 S.E.2d 675, 700 (2009) (quoting Syl. Pt. 2, *State v. McGinnis*, 193 W.Va. 147, 455 S.E.2d 516 (1994)).

Upon our review, we find no error in the circuit court granting the State's motion to introduce evidence under Rule 404(b). To begin, it is clear that there was sufficient evidence that the other acts occurred. The evidence in question was testimony from prior victims that petitioner molested. The circuit court heard testimony from the victims and was also presented evidence that petitioner had been successfully prosecuted for crimes in relation to at least one victim. Moreover, the circuit court was correct in finding that the evidence was admissible for a legitimate purpose. As the circuit court noted, the evidence spoke to a common scheme or plan on petitioner's part, including "[petitioner's] propensity to select pre-pubescent females as victims, [his] use of gifts or enticements to induce the victims to participate and [his] use of threats to prevent disclosure." Lastly, we hold that it was not an abuse of discretion for the circuit court to conclude that this Rule 404(b) evidence was more probative than prejudicial. For these

reasons, and because the circuit court complied with the requirements for the admission of such evidence under our holding in *McGinnis*, including the giving of a limiting instruction after each witness testified, the Court finds no error in the admission of the evidence in question.

As to petitioner's remaining assignments of error, we have previously held that

"[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syllabus Point 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 2, *State v. Ladd*, 210 W.Va. 413, 557 S.E.2d 820 (2001). Upon our review, we find no merit in petitioner's arguments as to the sufficiency of the evidence. To begin, it is clear that the State established that petitioner was the victim's custodian at the time of the crime. The victim testified that petitioner was her babysitter at the times these crime occurred, and we have previously held that "[a] babysitter may be a custodian under the provisions of W.Va.Code [§] 61–8D–5 . . . and whether a babysitter [is] in fact a custodian under this statute is a question for the jury." Syl. Pt. 1, *State v. Stephens*, 206 W.Va. 420, 525 S.E.2d 301 (1999). Therefore, the jury in this matter clearly considered petitioner to be a custodian by virtue of the fact that they convicted him. Lastly, petitioner makes a blanket assertion that the State failed to admit evidence to support his convictions, yet he fails to cite to any facts or legal precedent to support this assertion. Upon our review, the Court finds that the evidence presented below was sufficient to support petitioner's convictions.

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED:** February 11, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II